IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROMONA KENNARD,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:25-CV-153-K-BW |
| EL PASO JAIL,<br>　　　Defendant. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Romona Kennard's Complaint, received on January 21, 2025. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the complaint with prejudice as frivolous.

## I. BACKGROUND

On January 21, 2025, Kennard filed a pro se complaint that appears to name El Paso Jail as the defendant. (*See id.* at 1.) Her complaint is largely unintelligible and indecipherable, and, to the best of the Court's understanding, reads as follows:

> Presidential biographer hired by Ric[h]ard Reever missiles astronauts if right name because Texas is a clean and better fu[]ture for kids Jame[s] Aca[dem]y School and bank of restaurants cr[edi]t bank of Nova Scotia money exchanging, none funds, other state not aware and to [illegible] in wa[] mouth?

(*Id.*) Kennard also includes with her complaint a nonsensical letter that appears to be addressed to "Mrs. Wickey," in which she mentions "the false death row up to die with lit[hi]um injection," bankrupt homes in Fort Worth and Houston, the color of

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

her hair at a hearing in Austin, an "air bomb" on her back and neck, and the kidnapping of her son, daughter, and friend. (*Id.* at 2.) She seeks $66 million per month. (*See id.*)

On the same date she filed this action, Kennard also filed three other civil actions in this Court wherein she presents fantastic, delusional, and incoherent allegations against various parties. *See Kennard v. Riverfront Jail*, No. 3:25-CV-154-L-BN (N.D. Tex. Jan. 21, 2025); *Kennard v. Lindsay*, No. 3:25-CV-152-E-BN (N.D. Tex. Jan. 21, 2025); *Kennard v. Fish*, No. 3:25-CV-151-L-BT (N.D. Tex. Jan. 21, 2025). In addition to cases filed before 2024, Kennard filed four other civil actions in this Court within the past year that have been dismissed as frivolous or for failure to state a claim. *See Kennard v. Bush*, No. 3:24-CV-1958-B-BT (N.D. Tex. Dec. 22, 2024); *Kennard v. Orphan of Immagation Lies Or*, No. 3:24-CV-2103-D-BN (N.D. Tex. Sept. 26, 2024); *Kennard v. Motion Picture*, No. 3:24-CV-1959-B-BN (N.D. Tex. Sept. 18, 2024); *Kennard v. Frank Crowley Building*, No. 3:24-CV-327-B-BN (N.D. Tex. Mar. 13, 2024).

## II.  ANALYSIS

Because Kennard has not paid the applicable filing fee and is seeking to proceed in forma pauperis in this action, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).[2] That statute authorizes the sua sponte dismissal of a

---

[2] Although Kennard moves to proceed in forma pauperis in this case, the responses in her application fail to provide any monetary information about her income despite indicating that she has received income from multiple sources in the last 12 months, has been employed within the last 2 years, and has no monthly expenses. (*See* Dkt. No. 4.)

complaint if the Court finds that it is frivolous or malicious.  A complaint is frivolous when it is "based on an indisputably meritless legal theory" or when its factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios or that "rise to the level of the irrational or the wholly incredible."  *Denton*, 504 U.S. at 33 (internal citations and quotation marks omitted).

The Court must always liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  The Court has attempted to make sense of the disjointed and unintelligible statements in the complaint, but even under the most liberal construction, Kennard fails to state a viable legal claim or anything that can be construed as such.  Further, her allegations here—to the extent they are coherent—are fanciful and incredible, and thus, inadequate to support any cognizable claim.  *See Denton*, 504 U.S. at 33.

Consequently, Kennard's complaint should be dismissed with prejudice as factually and legally frivolous.

### III.  LEAVE TO AMEND

Ordinarily, a pro se plaintiff should be granted leave to amend the complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As the Court has explained,

Kennard has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred.  Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, Kennard could allege cogent and viable legal claims.  The Court therefore concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## IV.  CONCLUSION

The Court should **DISMISS** the Complaint, received on January 21, 2025 (Dkt. No. 3), with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on January 24, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).